**Patrick E. Mahoney, ISB #5242**
**MAHONEY LAW, PLLC**
THE VELTEX BUILDING
420 W. Main Street, Suite 206
Boise, Idaho 83702
Telephone:  (208) 345-6364
Facsimile:  (208) 336-2088
patrick@patrickmahoneylaw.com

**Jeffrey McKinnie, ISB #7020**
MCKINNIE LAW OFFICE
P.O. Box 9469
Boise, Idaho 83707
Telephone (208) 429-0088
Fax (208) 336-2088
jeffmckinnie@hotmail.com

**Attorneys for the Plaintiff**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| A.Q.A., a minor, by and through his guardian *ad litem* JOSEPH C. MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; and MERCY MEDICAL CENTER, NAMPA, an Idaho corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, the above captioned Plaintiff, by and through his attorneys of record, Mahoney Law, PLLC, and McKinnie Law Office, and for his Complaint against the Defendants captioned above, states and alleges as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL** - 1

## PARTIES, JURISDICTION, AND VENUE

1. This is a case of medical negligence brought by Plaintiff A.Q.A., a minor, by and through his court-appointed guardian *ad litem*, Joseph C. Miller. Plaintiff A.Q.A., is a resident of Hemet, Riverside County, California. The court-appointed guardian *ad litem*, Joseph C. Miller, is a resident of Boise, Ada County, Idaho, and is a duly licensed Idaho attorney.

2. Defendant Mercy Medical Center, Nampa (sometimes referred to herein as "Mercy Medical Center"), was and is an Idaho corporation, organized and existing under the laws of the State of Idaho, with its principal place of business in Nampa, Canyon County, Idaho as a licensed hospital. As set forth more specifically below, Defendant Mercy Medical Center, Nampa is liable for the actions and omissions of its employees and agents under the doctrines of *respondeat superior* and agency, including, without limitation, for the actions and omissions of its nurse employees done in the course and scope of their employment with said Defendant. As set forth more specifically below, Defendant Mercy Medical Center, Nampa is also independently liable for its own actions and omissions as a corporate entity, in addition to the vicarious liability that it has in this case.

3. Defendant United States of America is sued under the Federal Tort Claims Act as the representative Defendant and real party in interest for Dr. Steven C. Von Flue, M.D., Dr. Rebecca L. Ratliff, M.D., both employees and/or contractors for Terry Reilly Health Services and both Idaho licensed physicians, and Terry Reilly Health Services (a d/b/a for Community Health Services, Inc.), all of whom are covered by §224(h) of the Public Health Services Act (a/k/a the Federally Supported Health Centers Assistant Act of 1992), 42 U.S.C. 233(g)-(n), and all of whom are therefore covered by the Federal Tort Claims Act and the regulations promulgated thereunder by the U.S. Department of Health and Human Services. Under the laws

of the State of Idaho, a private person would be liable in this case for the actions and omissions of Dr. Steven C. Von Flue, M.D., Dr. Rebecca L. Ratliff, M.D., and Terry Reilly Health Services, therefore, pursuant to 28 U.S.C. §1346(b), the United States of America is liable to the Plaintiff for his damages as set forth herein.

4. At all times relevant hereto, the Defendants served and functioned as the agents and principals of each other and are thereby liable for the negligence and reckless conduct of each other pursuant to the doctrine of agent and principal, including, without limitation, the doctrine of apparent agency. Defendants were also acting in concert all times relevant hereto and are therefore jointly (as well as severally) liable to the Plaintiff.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1346(b)(1) and 28 U.S.C. 1367(a). This action involves a claim against the United States, for money damages, for personal injury caused by the negligent and/or wrongful act or omission of an employee of the government while acting within the scope of his office or employment. The Court also has supplemental and/or pendant jurisdiction over the claims against the private defendant in this case, which claims are part of the same case or controversy as the federal claim pursuant to Article 3 of the United States Constitution. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. Venue is proper pursuant to 28 U.S.C. §1402(b) and 28 U.S.C. 1391(e)(2) as a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

7. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does I through X, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that the Defendants sued

herein as Does I through X are in some manner legally culpable for the injuries and damages suffered by the Plaintiff.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

8.     Plaintiff timely presented this claim in writing to the Department of Health & Human Services claims office.  The Department of Health & Human Services failed to make a final disposition of the claim within six months after it was presented pursuant to 28 U.S.C. §2675(a).  The Plaintiff also filed a pre-litigation screening panel request with the Idaho State Board of Medicine, whose panel issued its Advisory Opinion on February 17th, 2010.

## FACTS AND GENERAL ALLEGATIONS

9.     The Plaintiff hereby incorporates and re-alleges herein all previous paragraphs of this Complaint.

10.    A.Q.A., male, age 8 months, suffered severe and irreversible, yet preventable, brain injury due to the negligence and recklessness of the Defendants.

11.    The Plaintiff's mother, Lisbet Aguilar, had an uncomplicated full term pregnancy.  Dr. Ratcliff admitted her to Mercy Medical Center hospital for labor on 9/22/09. She ultimately reached 5 cm dilation, shortly before which labor augmentation was commenced with pitocin.  The augmentation was ineffective and Ms. Aguilar thereafter languished at 5 cm dilated for over 11 hours without progression, which is a severe and profound arrest of first stage of labor.  Dr. Von Flue had assumed the patient's care from Dr. Ratcliff as of 8:00 a.m. on the morning of 9/23/09. The fetus experienced worsening signs of compromise, including significant and material phases of minimal variability as shown on the fetal heart rate monitor, which the Mercy Medical Center nurses ignored.  The Mercy Medical Center nurses failed to notify the doctor(s) in a timely fashion and ignored the lack of progress at the two-hour point, the four-hour

point, and at various times thereafter. The Mercy Medical Center nurses failed to intervene and to otherwise act as patient advocates in the best interests of patient safety. Ultimately, at approximately the 12th hour of the arrested first stage of labor, the fetus manifested severe bradycardia, after which an emergency caesarean section was belatedly performed 39 minutes later. The obstetrician who was finally called to perform the caesarean section specifically noted in her subsequent report that there was not a nuchal cord.

12. The newborn infant, A.Q.A., was born in severe respiratory distress with APGARs of 1/2/4, venous pH of 6.883, and a base excess of -24.7. These cord blood gases and initial neonatal blood gases evidenced severe metabolic acidosis. A.Q.A. was diagnosed as suffering severe hypoxic ischemic encephalopathy due to birth asphyxia. He suffered from intermittent seizures while in NICU and was given medication for seizure activity. An MRI confirmed basal ganglia ischemia and abnormal EEGs were consistent with brain injury. A.Q.A. has had persistently abnormal neurological exams with severe brain dysfunction. His physicians have determined that, "Prognosis is dismal with profoundly abnormal neurological exam." A.Q.A. has a feeding tube, requires in-home care and monitoring, and will require substantial ongoing care into the future.

13. Drs. Von Flue and Ratcliff failed to appropriately diagnose, monitor, and respond to the arrested first stage of labor, and failed to timely perform a cesarean section, resulting in brain damage to A.Q.A.

14. Mercy Medical Center failed to enact, disseminate, monitor, and enforce appropriate policies and procedures, and failed to adequately train and supervise its nurses as to the same, specifically, without limitation, as to patient advocacy, nurse chain of command, fetal

assessment during labor and delivery, fetal heart rate monitoring, physician communication, charting, pitocin administration, caesarean sections, and labor and delivery complications.

## MEDICAL NEGLIGENCE

15. The Plaintiff hereby incorporates and re-alleges herein all previous paragraphs of this Complaint.

16. The medical care described above on the part of Drs. Von Flue and Ratcliff, and on the part of Mercy Medical Center and its nurses, was negligent, reckless, grossly negligent, and failed to meet the applicable standards of care for labor and for delivery of a baby under the circumstances at the times and place in question.

17. The medical negligence on the part of the Defendants was a direct and proximate cause of, and a substantial factor in causing, injury and damages suffered by Plaintiff A.Q.A. including, without limitation, brain injury, substantial medical bills, therapy bills, home care expenses, and other expenses incurred incident to the life care and treatment of Plaintiff A.Q.A., as well as pain, suffering, disfigurement, mental anguish, and loss of enjoyment of life on the part of A.Q.A., past, present, and future. As such, Plaintiff is entitled to an award of damages for all allowable general and special damages, in an amount to be proven at trial.

## DEMAND FOR ATTORNEY FEES

18. The Plaintiff hereby incorporates and re-alleges herein all previous paragraphs of this Complaint.

19. As a result of the Defendants' conduct complained of herein, the Plaintiff has been required to retain the services of legal counsel to represent his interests in this matter. Pursuant to Idaho Code §12-121, Rule 54 of the Federal Rules of Civil Procedure, and all other

**COMPLAINT AND DEMAND FOR JURY TRIAL - 6**

applicable laws, the Defendants are liable to the Plaintiff for his reasonable attorney fees and litigation costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

a. A sum adequate to compensate him for all allowable general damages, including, but not limited to, past, present and future physical and mental pain and suffering, anguish, emotional distress, permanent disfigurement and impairment, and loss of enjoyment of life, all in an amount to be determined at trial;

b. A sum adequate to compensate him for his special damages consisting of, but not necessarily limited to, all past, present, and future medical and related expenses, physical therapy expenses, rehabilitation expenses, travel expenses, and all other life care and incidental expenses, in an amount unknown to the Plaintiff at this time but which sum shall be more readily ascertained at the trial of this matter;

c. A sum to compensate him for any past and future loss of income in an amount currently unknown to the Plaintiff at this time but which sum shall be more readily ascertained at the trial of this matter;

d. Prejudgment interest to the Plaintiff;

e. Plaintiff's reasonable attorney fees and costs incurred in the prosecution of this action, or $10,000 should this matter proceed by default; and

f. Such other and further relief as this Court deems just and equitable.

**DATED** this 24th day of May, 2010.

                    MAHONEY LAW, PLLC
By      /S/
                    PATRICK E. MAHONEY
                    Attorney for the Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL** - 7

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38, Plaintiff hereby demands a trial by a jury on all issues properly tried to a jury in the above-entitled matter.

**DATED** this 24th day of May, 2010.

                                         MAHONEY LAW, PLLC
                      By          /S/
                                         PATRICK E. MAHONEY
                                         Attorney for the Plaintiff